IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In re:

SHEPARD AND MONTE JOHNSON,

    Debtors.

_____

SHEPARD AND MONTE JOHNSON,

    Appellants,

  v.

THOMAS ACEITUNO,

    Appellee.
_____/

Case No. 2:09-cv-01640-JAM

Bankruptcy No. 07-25104-C-11

<u>ORDER AFFIRMING DECISION OF
BANKRUPTCY COURT</u>

    Shepard and Monte Johnson (collectively "Appellants") appeal the Bankruptcy Court's Order Granting Trustee Thomas Aceituno's Motion to Approve Compromise With Monte Watson dated June 5, 2009. (Appellants' Exhibit B, p. 3a). Trustee/Appellee

Thomas Aceituno ("Trustee") opposes the appeal. For the reasons stated below[1], the decision of the Bankruptcy Court is AFFIRMED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 3, 2007, upon the filing of a voluntary Chapter 11 petition by Shepard Johnson and Monte Johnson, the Bankruptcy Estate was created. (Appellee's Brief at 1). On May 27, 2008, for cause, Trustee Thomas Aceituno was appointed trustee for the Appellants' Chapter 11 estate. Id. At the time of Trustee's appointment, the Appellants were party to various adversary proceedings related to their Panama real estate development business, including proceedings with numerous customers and investors. Id. On October 14, 2008, the Bankruptcy Court granted the Trustee's motion to convert the case to Chapter 7. (Appellee's Brief at 2). On October 20, 2008 the Bankruptcy Court determined which entities were organized under Panama law and used by Appellants to hold and manage Panama real property. Id. The Bankruptcy Court held that such entities are property of the Bankruptcy Estate. Id.

The present matter involves a dispute between Trustee, Appellants, and Monte Watson, relating to real property located on Isla Solarte and Playa Tranquillo, Bocas del Toro, Republic of Panama. (Appellee's Brief at 6). Monte Watson is the

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

2

claimant under Proof of Claim Number 27, filed on October 1, 2007 in the Debtors/Appellants' parent bankruptcy case. Id. Monte Watson has been unable to locate stock shares related to his claim of interest in said real property. Id. A proposed compromise between Trustee, Appellants and Monte Watson was presented to the Bankruptcy Court and a hearing was held on the matter on May 26, 2009. (Appellants' Exhibit B, p. 3a).

The principal terms of the compromise with Monte Watson transfer all claims of interest in real property on Isla Solarte and Playa Tranquillo to the Trustee. (Appellants' Appendix, Ex. N). The Trustee shall transfer to Monte Watson or designee title to Isla Solarte lots D-26 and D-30 and the right of possession to Isla Solarte lot R-4, lot SB-45 and the "Ridge Lot." Id. The Trustee will hold Playa Tranquillo in trust for the equal benefit of the Bankruptcy Estate and Monte Watson. The Trustee shall market and sell Playa Tranquillo with proceeds to be split equally between the Bankruptcy Estate and Monte Watson. Id. In exchange, Monte Watson shall withdraw his Proof of Claim Number 27 and the Trustee and Monte Watson shall dismiss with prejudice all claims asserted against each other in two adversary proceedings. Id. Further, Monte Watson shall refrain from asserting any other proof of claim against Appellants' Bankruptcy Estate. Id.

The Bankruptcy Court, after consideration of the evidence and authorities presented, and good cause appearing, approved the compromise as set for in the Settlement Agreement. See Appellants' Appendix, Ex. N.

II. OPINION

A. Legal Standard

A district court has jurisdiction to hear appeals from a bankruptcy court pursuant to 28 U.S.C. 158(a). An order authorizing a compromise in a bankruptcy case is reviewed for an abuse of discretion. In re A & C Properties, 784 F.2d 1377, 1380 (9th Cir. 1986). The district court reviews the Bankruptcy Court's embedded findings of fact for clear error and reviews findings of law *de novo*. Fed. R. Bankr. P. 8013; In re Lockard, 884 F.2d 1171, 1174 (9th Cir. 1989).

In order to determine the "fairness, reasonableness and adequacy of a proposed settlement agreement, the Court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

In re A & C Properties, 784 F.2d at 1381.

B. The Compromise

The Appellants argue that the Bankruptcy Court approved the compromise without making findings of fact and conclusions of law on the record and therefore, the Bankruptcy Court abused its discretion. This Court reviewed the transcript from the May 26, 2009 hearing and finds that the Bankruptcy Court did make findings of fact that were supported by evidence. The Bankruptcy Court adequately evaluated the entire record of the bankruptcy case, applied the correct legal standard and acted within its discretion when it determined that the compromise at issue is fair and equitable.

In evaluating the fairness, reasonableness and adequacy of the proposed settlement, the Bankruptcy Court considered the four factors required by A&C Properties. See id. The Bankruptcy Court found the probability of success in litigation factor to support approval of the compromise. The Court determined that success was uncertain, that a considerable amount of additional discovery was not necessary, that the Trustee had a considerable period of time in which to assess the overall nature of the disputes, that the state of the record in the parent case reflected over 800 docket entries and that the proposed business deal would begin progress in the parent bankruptcy case. (See Appellants' Appendix, Ex. N, 141:15-25).

The Court further found that the litigation complexity factor supported approval of the compromise. In doing so the Bankruptcy Court considered the development of the adversary proceeding and the underlying dispute in the parent case and determined that the litigation would be very expensive and time-consuming and could potentially consume all of the net value of the Estate. (Appellants' Appendix, Ex. N). The Bankruptcy Court also concluded that the best interest of the creditors factor supported approval of the compromise. The Court noted that the compromise would permit the Trustee to market and sell Playa Tranquillo, thereby receiving needed resources into the Bankruptcy Estate, and if successful, could lead to an Estate surplus. Id.

The only factor that the Court found did not directly weigh in favor of granting approval of the compromise was the difficulties of collection factor. The Court found the factor was a non-issue because the Trustee owns the property in dispute. Id.

The Bankruptcy Court made findings, supported by evidence, and stated them on the record. The Bankruptcy Court's conclusions were well reasoned and based upon application of the correct rule. Accordingly, the Bankruptcy Court did not abuse its discretion in approving the compromise with Monte Watson. See In re A & C Properties, 784 F.2d 1377, 1380 (9th Cir. 1986).

III. ORDER

For the reasons stated above, the order of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

Dated: February 11, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE